𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉.

CHESAPEAKE & OHIO RAILWAY CO. V. REBMAN & CLARK.

November 16, 1916.

1. CARRIERS—*Failure to Deliver Stock—Damages—Agreed Valuation.*—Under a bill of lading fixing a value upon live stock and providing that in no event shall the shipper recover a greater sum, the shipper is entitled to recover any damage less than such valuation which he can prove resulted from delay in delivery, although he realized in the market more than the amount of such valuation. This rule applies as well to negligent failure to deliver, as to delay in delivery.

2. CARRIERS—*Failure to Deliver Stock—Notice—Reasonable Time.*—Notice to a carrier of a claim for damages for failure to deliver stock is within "a reasonable time" and is sufficient, when given without delay as soon as the negligence of the carrier which occasioned the loss was discovered, although the contract of carriage required notice to be given within five days after the stock were removed from the cars, or within a reasonable time thereafter.

Error to a judgment of the Circuit Court of Craig county in an action of trespass on the case. Judgment for the plaintiffs. Defendant assigns error.

*Affirmed.*

The opinion states the case.

*J. M. Perry,* for the plaintiff in error.

*Hugh A. White* and *D. W. Layman,* for the defendants in error.

WHITTLE, J., delivered the opinion of the court.

We have here under review a judgment of the Circuit Court of Craig county in favor of Rebman and Clark against the Chesapeake and Ohio Railway Company, the defendant below, rendered on demurrer to the evidence.

The material facts, which are undisputed, are these: On July 16, 1913, the plaintiffs delivered to the defendant at New Castle, Virginia, two carloads of lambs for shipment to Jersey City, New Jersey, under the "Uniform Live Stock Contract" (in force at that time, but since invalidated by the Cummins act of March 4, 1915, amending the interstate commerce act, which interdicts agreements of that character between shippers and carriers), whereby in consideration of a lower freight rate the defendant limited its liability for the lambs to $5.00 per head. The defendant failed to deliver the animals shipped, but in their stead delivered from the cars in which they were loaded at New Castle a different lot of lambs, of an inferior grade and value, to plaintiffs' consignees, who in ignorance of this unaccounted for exchange sold the animals received by them and remitted the net proceeds to their consignors. The plaintiffs, upon discovering the mistake, credited the amount of the estimated value of the lambs lost with the sum received, and, the defendant denying liability, brought this motion to recover $488.60, difference in value between the lambs shipped and those delivered on their account.

Plaintiffs' damages were assessed by the jury at $350, which was less than $5.00 per head for the lambs lost, for which sum the trial court rendered the judgment under review.

1. The main defense pressed in argument is that by the terms of the live stock agreement the liability of the defendant was limited to the $5.00 valuation placed on each of the animals delivered for shipment, which it is said has been discharged from the proceeds of sale of other lambs; but the decision of this court in the recent case of *Norfolk & Western Railway Co.* v. *Steele*, 117 Va. 788, 86 S. E. 124, makes complete answer to that contention. It was there held that, "under a bill of lading fixing a value upon live stock and providing that in no event shall the shipper

recover a greater sum, the shipper is entitled to recover any damage less than such valuation which he can prove resulted from delay in delivery, although he realized in the market more than the amount of such valuation."

If that be the correct rule with respect to damages arising from mere delay in delivery of live stock, with all the more reason should it apply where from the negligent exchange of animals by the carrier there has been a total failure to deliver.

2. The remaining contention is that plaintiffs should be denied a recovery because "they did not present their claim within five days from the time the animals were removed from the cars, or within a reasonable time thereafter."

If it be conceded that plaintiffs were under obligation to give notice of their demand under the circumstances of this anomalous transaction, the evidence shows that such notice was given without delay as soon as the negligence of the interstate commerce act, which interdicts agreements of defendant which occasioned the loss, was discovered.

Upon both propositions, therefore, the judgment is plainly right and must be affirmed.

*Affirmed.*